UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY L. MENZIES JR.,

        Petitioner,

   v.

STATE OF WASHINGTON,

        Respondent.

Case No. C20-5161-RJB-TLF

ORDER TO SHOW CAUSE

Petitioner, Timothy Menzies, Jr., who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 3. Petitioner challenges his October 13, 2017 conviction and sentence for two counts of "R1." *Id.* The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

Following a careful review of the petition, the Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner indicates he appealed his October 2017, judgment and sentence to the Washington State Court of Appeals but does not indicate the result of that appeal or whether the appeal is still pending. Dkt. 3, at 2. Petitioner indicates that he has not sought review by a higher court than the Court of Appeals. *Id.*

Petitioner also indicates he did not raise the grounds raised in the instant petition on his direct appeal. Dkt. 3, at 5-12. Petitioner indicates that he does not intend to bring

ORDER TO SHOW CAUSE - 1

1 the claims raised in his federal habeas petition to the state courts—state courts would
2 never have the opportunity to consider the habeas claims raised in his federal petition—
3 asserting that the state courts lack jurisdiction over issues that are raised under the
4 United States Constitution.[1] Dkt. 3, at 5-12. However, the exhaustion of state court
5 remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C.
6 § 2254(b)(1)[2]. The Court therefore orders the petitioner to show cause why the Court
7 should not dismiss this federal habeas corpus petition without prejudice.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 3, at 12. The Court interprets this as a typographical or scrivenor's error however as petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue"). Where a case remains under appeal, a habeas petition is premature. *See Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief must await the outcome of his state court appeal); *Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir. 1969) ("habeas petition, filed while [petitioner's] state appeal was pending, is premature").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 7, at 5-12. This argument fails, because 28 U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to adjudicate constitutional issues, without question. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner's speculation or personal belief that he would be unsuccessful if he raised his Constitutional claims to the state courts does not excuse his failure to do so.

*See, e.g., Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) ("the apparent futility of presenting claims to state courts does not constitute cause of procedural default."); *Engle v. Isaac*, 456 U.S. 107, 130 (1982) (A petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.").

Petitioner acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review. Dkt. 3, at 1-12. The Court also notes that it is unclear from the petition whether petitioner's direct appeal of his judgment and sentence is still pending. If petitioner's direct appeal is still pending his petition would be premature and subject to dismissal on that basis as well. Dkt. 3, at 2. Therefore, the Court orders petitioner to show cause why his petition is cognizable for federal habeas review and should not be dismissed without prejudice.

## ORDER

Based on the foregoing discussion, the Court finds that this petition is not eligible for federal habeas review.

The Court **orders the petitioner to show cause** in writing why the petition should not be dismissed without prejudice, to allow him to exhaust his claims in the state courts. Petitioner must show cause by **April 6, 2020,** and his response should be limited to **ten (10) pages**. The failure to file a timely response may result in the dismissal of this matter without prejudice.

Dated this 4th day of March, 2020.

Theresa L. Fricke
United States Magistrate Judge