UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY L. MENZIES JR.,

                Petitioner,

   v.

STATE OF WASHINGTON,

                Respondent.

Case No. C20-5161-RJB-TLF

REPORT AND RECOMMENDATION

Noted for **May 22, 2020**

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 24, 2020. Dkts. 1, 3. The petition has not been served on the respondent. By order dated March 4, 2020, the Court directed petitioner to show cause why his petition should not be dismissed as unexhausted. Dkt. 4. Petitioner subsequently filed a document entitled "Motion to Compell [sic] for Information (Show Cause)." Dkt. 5.

The Court should dismiss the federal habeas petition without prejudice as unexhausted. The Court should further deny petitioner's "Motion to Compel Information" (Dkt. 5), as moot if the Court adopts the recommendation that the petition be dismissed. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

REPORT AND RECOMMENDATION - 1


## BACKGROUND

Petitioner challenges his October 13, 2017, conviction and sentence for Attempted Rape of a Child in the Second Degree. Dkt. 3. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 5. Petitioner contends his federal constitutional rights under the Fifth and Thirteenth Amendment were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*, at 5-13.

Petitioner does not state that he has exhausted his state court remedies. *Id.* Petitioner indicates he appealed his conviction to the Washington Court of Appeals but does not indicate the result of that appeal and denies that he sought further review by a higher state court. Dkt. 3, at 1-2. Thus, it is unclear from the petition whether petitioner's state court judgment and sentence remain under direct appeal. *Id.*

Petitioner asserts he will not bring the claims raised in his federal habeas petition to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—and he contends the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 5-12.

Petitioner also states that he did not raise these issues in his direct appeal to the highest state court having jurisdiction because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 3, at 5-12. He also states he has not

raised the grounds raised in the instant petition either on direct appeal or in a post-conviction motion or petition for habeas corpus in a state trial court. *Id.*, at 6-13. He further states that "[n]o grounds herein have been raised at the state level, as the state has no jurisdictional authority over federal matters."[1] *Id.*, at 12.

By order dated March 4, 2020, petitioner was given an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state judicial remedies. *See* Dkt.4. Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1).

Petitioner was advised that to properly exhaust his federal claims, he must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). He was further advised that where a case remains under appeal, a habeas petition is premature. *Id.*; *see Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner seeking federal habeas relief must await the outcome of his state court appeal, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."); *Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir. 1969) ("habeas petition, filed while [petitioner's] state appeal was pending, is premature").

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 3, at 12. The Court interprets this as a typographical or scrivenor's error -- petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

REPORT AND RECOMMENDATION - 3

After the Court issued its order to show cause, petitioner filed a document entitled "Motion to Compel Information." Dkt. 5. This document does not remedy the deficiencies in the petition noted by the Court's order to show cause. Dkt. 4. This document asks the Court to "order Respondent to present the Bill of Indictment by a Grand Jury causing the order Petitioner's arrest[.]" *Id.* The document also re-iterates some of petitioner's jurisdictional arguments and asks the court to consider the merits of his constitutional claims (that his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment) without requiring exhaustion. *Id.*

## DISCUSSION

**A.     Habeas Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition should be dismissed without prejudice as unexhausted. Petitioner confirms he has not presented the claims raised in his petition to the highest state court; as such, his petition is not eligible for federal habeas review. Dkt. 3, at 1-12. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2] Petitioner indicates that he does not intend to bring his claims to the state

---

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

REPORT AND RECOMMENDATION - 4

1  courts—state courts would never have the opportunity to consider the habeas claims
2  raised in his federal petition—and he asserts that the state courts lack jurisdiction over
3  issues raised under the United States Constitution. Dkt. 3, at 5-12.
4        A state prisoner is required to exhaust all state court remedies, by fairly presenting
5  each claim of violation of federal rights before the state courts, before seeking a writ of
6  habeas corpus as to each of those claims. 28 U.S.C. § 2254(b)(1). The exhaustion
7  requirement is a matter of comity, intended to afford the state courts the "initial opportunity
8  to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v.*
9  *Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state
10 courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526
11 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas
12 petitioner must finish "one complete round of the State's established appellate review
13 process," up to the highest state court with powers of discretionary review. *Id.*, at 845.
14       A federal court must dismiss a federal habeas corpus petition if its claims are
15 unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*
16 *sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*
17 *v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state
18 remedies have been exhausted even if the state does not raise the issue").
19       Petitioner must raise to the Washington Court of Appeals and Washington
20 Supreme Court each of the grounds for relief that he now presents in his federal habeas
21 petition. Petitioner contends he has not presented his grounds for relief to the state
22 courts because the state courts lack the "jurisdictional authority to decide on United
23 States Constitution matters, which are outside [its] jurisdictional or statutory governing
24
25

REPORT AND RECOMMENDATION - 5

1  limits." Dkt. 3, at 5-12. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes

2  the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a

3  state criminal defendant were violated. Federal habeas relief is available to address

4  where the state court's adjudication was "contrary to, or an unreasonable application of,

5  clearly established federal law, as determined by the Supreme Court of the United

6  States." 28 U.S.C. § 2254(d)(1).

7        Petitioner's argument that presentation of his claims to the state court would be

8  futile because the state has enacted a constitution which conflicts with the federal

9  constitution, is not persuasive -- the Court notes that state courts are "equally bound to

10 guard and protect rights secured by the [federal] Constitution," *Ex parte Royall*, 117 U.S.

11 241, 251 (1886); *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981). Petitioner's belief that a

12 clear or obvious violation of the federal constitution has happened also does not excuse

13 him from the exhaustion requirement. *See Duckworth*, 454 U.S. at 4 ("obvious

14 constitutional errors, no less than obscure transgressions, are subject to the

15 [exhaustion] requirements of §2254(b)[.]").

16       And petitioner's speculation that the state court would be unsympathetic to his

17 claims also does not excuse his failure to exhaust his state court remedies. Even if

18 petitioner believes it would be futile to argue his Constitutional claims to the state courts,

19 "the apparent futility of presenting claims to state courts does not constitute cause of

20 procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988); *Engle v. Isaac*,

21 456 U.S. 107, 130, 102 S. Ct. 1558, 1573, 71 L. Ed. 2d 783 (1982) (Rejecting habeas

22 petitioner's argument that exhaustion of state remedies would have been futile and

23 explaining "[i]f a defendant perceives a constitutional claim and believes it may find

24

25

REPORT AND RECOMMENDATION - 6

favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and presents no colorable claim that any exception to the exhaustion requirement applies in his case. Accordingly, this federal habeas corpus petition is not eligible for federal habeas review.[3] [4] Dkt. 3, at 1-13; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis added).

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[4] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

1  The Court also notes that it is unclear from the petition whether petitioner's direct appeal of his judgment and sentence is still pending. Petitioner's response to the Court's Order to Show cause did not clarify this issue. Dkt. 5. If petitioner's direct appeal is still pending his petition would also be premature and subject to dismissal on that basis as well. Dkt. 3, at 2.

**B.   "Motion to Compell [sic] for Information (Show Cause)"**

Petitioner has also filed a document entitled "Motion to Compel for Information (Show Cause)" Dkt. 5. In this documents petitioner requests that the Court "order Respondent to present the Bill of Indictment of a Grand Jury causing the order of Petitioner's arrest and detainment, in accordance with the 5th Amendment of the United States Constitution" and to "proceed in a summary way" to decide the petition. Dkt. 5. Petitioner's document otherwise repeats some of the jurisdictional arguments raised in his petition and discussed above and calls again for the court to consider the merits of his constitutional claims without requiring exhaustion. *Id.* Petitioner argues that because a habeas petition is "an original civil action," and "NOT an appeal or a mechanism requesting the review of [his] judgment of conviction," that his right to habeas may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

REPORT AND RECOMMENDATION - 8

Accordingly, the Court should deny petitioner's "Motion to Compel Information" (Dkt. 5) as moot, if the Court adopts the recommendation that the petition be dismissed.

CONCLUSION AND DEADLINE FOR OBJECTIONS

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 3), and this action, be **dismissed without prejudice as unexhausted.** The Court further recommends petitioner's "Motion to Compel Information", (Dkt. 5) **be denied as moot** if the Court adopts the recommendation of dismissal of the petition.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in

REPORT AND RECOMMENDATION - 9

1 a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 22, 2020**, as noted in the caption.

Dated this 27th day of April, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10